**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAWUD AMEEN HUSAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-01364-HEA |
| | ) | |
| RICHARD ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On May 1, 2018, petitioner was found guilty by a jury of one count of unlawful possession of a firearm. *See State v. Husain*, No. 17SL-CR03102-01 (St. Louis Cnty. Cir. Ct.). On July 24, 2018, the St. Louis County Circuit Court sentenced him to seven years' imprisonment. Petitioner filed an appeal of his criminal conviction. On January 28, 2020, the Missouri Court of Appeals denied petitioner's appeal.[1] *See State v. Husain*, No. ED107744 (Mo. Ct. App. Jan. 28, 2020).

Petitioner filed a state court motion for habeas corpus relief on November 5, 2020. The motion was denied by the trial court on January 21, 2021. *See State v. Husain*, No. 17SL-CR03102-01 (St. Louis Cnty. Cir. Ct.) and *Husain v. State*, No. 19SL-CC00559 (St. Louis Cnty. Cir. Ct.).

---

[1] While his direct appeal was pending, petitioner filed and voluntarily dismissed a post-conviction motion in the trial court. *See Husain v. State*, No. 18SL-CC03828 (St. Louis Cnty. Cir. Ct. filed Oct. 19, 2018).

1

Petitioner did not appeal this decision. Petitioner filed the instant § 2254 petition on December 19, 2022.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed nearly three years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed without prejudice and without further notice to petitioner.

Dated this 13th day of April, 2023.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE